STATE OF NORTH CAROLINA
v.
LORI ANNE BLINDERMAN
No. COA08-824
Court of Appeals of North Carolina.
Filed June 2, 2009
This Case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.
Daniel J. Clifton, for defendant-appellant.
HUNTER, Robert C., Judge.
Lori Anne Blinderman ("defendant") appeals from judgment entered upon her conviction for driving while impaired, and argues the trial court committed plain error by allowing a police officer to testify about matters outside his expertise and in not striking the impermissible testimony from the record. We find no error.
Defendant was found guilty in Henderson County district court on 15 October 2007 of driving while impaired. She appealed to superior court and the matter was called for trial on 10 March 2008. The State's evidence at trial tends to show that on 27 April 2007, Elizabeth Rudder was driving toward Hendersonville on Highway U.S. 25. On the five-lane highway, Ms. Rudder was in the left lane of the two northbound lanes, and a van was in the right laneslightly ahead of Ms. Rudder. Defendant pulled out onto the highway from a side street in her Honda Accord, in front of the van and Ms. Rudder. The van was able to avoid hitting defendant's vehicle by swerving, but Ms. Rudder did not immediately see defendant's car until it was right in front of her. She did not have time to react in order to avoid a collision, and she ran into the rear driver's side of defendant's vehicle.
Trooper Anthony Hill testified that when he arrived at the scene of the accident, defendant's car was in the northbound lane of the highway facing west. Defendant was in the driver's seat, and several members of the Fire and Rescue team came to remove her from the vehicle, which was badly damaged. Trooper Hill listened to the conversation between the rescue members and defendant, and his initial impression was that she was lethargic, slow in speech, and possibly impaired by alcohol. Her eyes were red and glassy. H e did not smell the presence of alcohol, and considered the circumstances that she had just been in an accident. Trooper Hill looked in the car to try to find the vehicle registration, and noticed between five and ten empty prescription medication bottles on the passenger side floorboard. Defendant was thereafter taken to a hospital for treatment. Trooper Hill spoke with her at the hospital about an hour after he first saw her, and he became more convinced that "she had consumed a sufficient quantity of some impairing substance to cause appreciable impairment to her mental or physical faculties or both." Defendant told him that she had been taking her prescribed medicines, which included Cymbalta and Alprazolam. Trooper Hill obtained a blood sample from defendant after reading her implied consent rights, and issued a citation for driving while impaired.
Upon receipt of defendant's blood sample for testing, State Bureau of Investigation Agent Richard Waggoner analyzed the sample for the presence of drugs. The sample tested positive for benzodiazepines, which are tranquilizers. Upon further testing, it was Agent Waggoner's opinion that Alprazolam, Diazepam, and Olanzapine were present in the sample. The first two are benzodiazepines, the last one an anti-psychotic. Based on the tests and his own experience, Agent Waggoner estimated that he was 98-99% certain that the blood sample contained Alprazolam and Olanzapine. For the Diazepam, his level of certainty was between 40 to 60%. However, because he could not determine with 100% accuracy the specific drugs found in the sample, his official report reflected that benzodiazepines were present, but that he was unable to determine which specific drugs were used.
Trooper Hill also spoke briefly with Trooper Chris Pogue, the Drug Recognition Expert ("DRE") for the area, and told him his observations and results of his investigation. Trooper Pogue was tendered and received at trial as an expert in "drug recognition in the categories and effects of such impairing substances as related to impaired driving." Trooper Pogue testified that he spoke with Trooper Hill and reviewed his report, as well as the SBI lab report prepared by Agent Waggoner. He described the category of the two drugs defendant admitted to taking, and discussed their effects on the body. He stated that both the drugs are central nervous system depressants, that they have similar impairing impacts on the body as alcohol, and that they cause slowed reaction time, lethargy, and slurred speech. From Trooper Hill's observations of defendant, Trooper Pogue believed that the observations were consistent with impairment from benzodiazepines.
Defendant did not present any evidence. The jury returned a verdict of guilty of driving while impaired. The trial court sentenced defendant to 120 days, suspended the sentence, and imposed supervised probation for twenty-four months. From the judgment entered, defendant appeals, and assigns as plain error the trial court's failure to exclude evidence ex mero motu presented by Trooper Pogue regarding the effects of prescription drugs, as well as the trial court's failure to sua sponte strike the impermissible testimony from the record. We do not agree.
Defendant concedes she did not object to the testimony at issue; therefore, the arguments are reviewed under the plain error standard. State v. Jones, 358 N.C. 330, 346, 595 S.E.2d 124, 135. In applying the plain error standard, we will not disturb a trial court's outcome except in "the exceptional case where, after reviewing the entire record," we find error "so basic, so prejudicial, so lacking in its elements that justice cannot have been done." State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (internal citation and quotation omitted). A defendant demonstrates plain error by showing "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997).
Trooper Pogue was accepted as an expert in drug recognition, a permissible area of expertise pursuant to N.C.R. EVID. 702 (2008). Rule 702(a1)(2) provides that an expert may give expert testimony "[w]hether a person was under the influence of one or more impairing substances, and the category of such impairing substance or substances." N.C.R. EVID. 702(a1)(2). Defendant argues that Trooper Pogue exceeded the permissible scope of his expert testimony by testifying about the effect of prescription drugs on the human body, and that he gave confusing and erroneous information about the drugs. Defendant points to the following examples from Trooper Pogue's testimony: (1) that Cymbalta is a benzodiazepine, which it is not; (2) that Alprazolam is an anti-depressant, when it is actually used to treat anxiety; and (3) that both drugs have the same effect on the body as alcohol, even though Cymbalta is used to improve mood and feelings of well-being. Defendant contends that Trooper Pogue was not in a better position to have an opinion than the jury, that his testimony was highly prejudicial, and that the trial court thus erred by allowing the testimony and by not striking the impermissible portions from the record.
Here, we do not find error so basic and prejudicial as to constitute plain error. Even assuming arguendo that portions of Trooper Pogue's testimony were inadmissible, admission of thetestimony does not rise to the level of plain error, when evidence of overwhelming guilt was presented of defendant's commission of the offense of impaired while driving. Empty prescription medication bottles were found in her car immediately after the accident, and defendant admitted to Trooper Hill that she had taken Cymbalta and Alprazolam. Even though these were prescribed medications, Trooper Hill's observations of defendant immediately after the accident as well as one hour later in the hospital convinced him that she had taken some impairing substance which "appreciably impaired" her speech, movements, and mental faculties. Further, defendant's blood sample tested positive for the presence of benzaodiazepines, and SBI Agent Waggoner testified that these substances are tranquilizers. Given the evidence supporting the charge of driving while impaired, we conclude the trial court did not commit plain error in allowing Trooper Pogue's testimony to stand. Defendant's assignment of error is overruled.
No error.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).